IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **COOLLID CORPORATION,** | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \*    Civil No. **20-2052 PJM** |
| | \* |
| **SENTINEL INSURANCE** | \* |
| **COMPANY, LTD.,** | \* |
| | \* |
| Defendant. | |

**MEMORANDUM OPINION**

The Court is asked to exclude the testimony of Plaintiff's proffered expert Joseph Rosenberg pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny. After review of Rosenberg's expert reports and the parties' arguments, for the reasons that follow, the Court will **DENY** Defendant's Motion to Exclude the Testimony of Joseph Rosenberg, ECF No. 39.

**I.**

This is a breach of contract case brought by Plaintiff Coollid Corporation ("Coollid"), a company that designs and sells disposable lids and cups designed to hold hot beverages, against Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), Coollid's insurance carrier. In its Complaint, Coollid claims that its inventory was damaged by water after a roof leak at one of its contracted facilities, and further claims that, following the damage, Sentinel refused to pay Coollid for damages as required under the insurance policy. ECF No. 1. In particular, Coollid claims that

1

it is entitled to (1) lost profits; (2) various shipping, storage, and moving costs; and (3) additional financing costs.

Sentinel filed an Answer, ECF No. 8, and subsequently a Motion for Partial Summary Judgment, ECF No. 19. Following a hearing, the Court, by oral opinion, granted in part and denied in part the motion, striking Coollid's claim for additional financing costs and ordering Coollid's counsel to submit documentation supporting its claim for shipping, storage, and moving costs. ECF Nos. 34; 35. Following the issuance of the Court's Order, Coollid a portion of its claim for shipping, storage, and moving costs. ECF No. 36.

Sentinel now files a motion *in limine* to exclude the expert testimony of Joseph Rosenberg, Coollid's damages expert. ECF No. 39. Coollid opposes Sentinel's motion, ECF No. 42, to which Sentinel has replied, ECF No. 43. The Court considers the motion.

## II.

The admissibility of expert witness testimony is governed by Rule 702 of the Federal Rules of Evidence. A qualified expert may testify if:

    a.   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    b.   the testimony is based on sufficient facts or data;

    c.   the testimony is the product of reliable principles and methods; and

    d.   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court has tasked district courts with a "gatekeeping" role with respect to expert opinion testimony. *Daubert*, 509 U.S. at 597, 113 S.Ct. 2786 (holding that it is the district

court's responsibility to ensure that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand"). This "gatekeeping" function applies whether the expert testimony is based on scientific, technical, or "other specialized" knowledge. *Kumho Tire Co., Ltd.* v. *Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). It is well-established that district courts enjoy broad discretion in determining whether expert testimony is admissible. *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999) ("[T]he court's evaluation is always a flexible one, and the court's conclusions necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability").

To determine the admissibility of expert testimony, courts consider two "guiding, and sometimes competing, principles." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). First, "due to the difficulty of evaluating their testimony, expert witnesses have the potential to 'be both powerful and quite misleading.'" *Id.* (quoting *Daubert*, 509 U.S. at 595). But on the other hand, Rule 702 was "intended to liberalize the introduction of relevant expert evidence" and courts need not ensure the expert's proposed testimony is "irrefutable or certainly correct" because testimony can be tested before the jury "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Id.* (quoting *Daubert*, 509 U.S. at 596).

### III.

According to Coollid, its allegations require an understanding of the damages incurred as a result of the water intrusion upon Coollid's inventory, consequential storage and shipping damages resulting from inventory damage of the type Coollid suffered, and lost profit calculations. To that end, Coollid designated Joseph Rosenberg, CFA, MBA, as an economics and finance expert to assist the trier of fact in understanding the financial impact of the water damage.

Sentinel challenges Rosenberg's testimony, arguing that his opinions are the product of unreliable methodology because they are based on insufficient information and are the result of mere speculation and conjecture. It submits that Coollid has presented no sales records or business data that would substantiate Rosenberg's opinion. It further submits that Rosenberg's testimony is the only evidence supporting many of Coollid's claims.

Coollid, on the other hand, submits that Rosenberg's opinions are supported by vendor invoices, bank statements, tax returns, and profit and loss statements. It argues that, rather than relying on Coollid's internal documents alone, Rosenberg has assessed third party documents relating to its purported losses. In addition, Coollid points out that Rosenberg performed certain reconciliations of internal financial documentation to determine its accuracy.

Having reviewed the parties' pleadings pro and con, the Court has decided that, although much of Mr. Rosenberg's testimony is extremely sketchy, rather than strike the testimony at this juncture, it will leave it to defense objections at trial, including cross-examination, to decide what part, if any, of the testimony should be received in evidence. Thus, the Court will allow the jury to hear Rosenberg's testimony. Even if the testimony is admitted in whole or in part does not necessarily mean that testimony will ultimately be relied on by the trier of fact.

## IV.

For the foregoing reasons, the Motion to Exclude the Testimony of Joseph Rosenberg, ECF No. 39, is **DENIED**.

A separate Order will **ISSUE**.

January 11, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE